295 So.2d 698 (1974)
STATE of Florida, Appellant,
v.
In the Interest of J.H., a Child, Appellee.
No. T-281.
District Court of Appeal of Florida, First District.
June 11, 1974.
*699 Robert L. Shevin, Atty. Gen., Donald Nichols and Roger Merriam, Jacksonville, for appellant.
Donald W. Matthews, Jacksonville, for appellee.
BOYER, Judge.
The State appeals an order of the Circuit Court, Juvenile Division, dismissing a petition to have the Appellee, a juvenile, adjudged delinquent because of the alleged offense of breaking and entering, grand larceny and larceny of firearms; the basis of the dismissal being violation of the speedy trial rule.
Rule 3.191(a)(1) R.Cr.P., 33 F.S.A., requires that one charged with a crime be forever discharged from that crime unless he shall, without demand, be brought to trial within 90 days if the crime charged is a misdemeanor, or within 180 days if the crime be a felony.
Subsection (d)(2) of the rule provides for extensions of time upon the grounds there set forth, and subsection (f) provides for extensions or continuances where exceptional circumstances are shown to exist.
Rule 8.120, R.J.P. provides as follows:
"Rule 3.191 of the Rules of Criminal Procedure relating to a Speedy Trial shall apply, modified by substituting appropriate language relating to juvenile procedure for that applicable to criminal procedures, and by changing the time within which a case must be brought to trial for adjudication without demand from 90 days if the crime charged be a misdemeanor, or within 180 days if the crime charged be a felony, to 90 days in all cases, computed from the time the complaint is filed with the intake officer. This rule shall not apply to proceedings for permanent commitment of a child for subsequent adoption to a licensed child placing agency or the division of family services of the Department of Health and Rehabilitative Services."
The parties stipulated before the lower court that the 90 day period, as provided in the rule, had expired. However, the State contended below, and now here, that the Appellee waived speedy trial or in the alternative that such exceptional circumstances existed as to bring the case within the provisions of Rule 3.191(f) R.Cr.P.
We find Appellant's contentions to be without merit and affirm.
The material facts are: The petition which was ultimately dismissed was filed March 6, 1973, and on the same day an order was entered appointing the Public Defender to represent the juvenile. On March 23, 1973 the Public Defender filed a motion for permission to withdraw on the basis of a conflict of interest, which motion was granted. On March 26, 1973 an order was entered appointing an attorney to represent the juvenile, which attorney filed a motion to dismiss on April 24, 1973. As above recited, at the hearing on that motion to dismiss the State stipulated that the 90 day period provided by Rule 8.120 R.J.P. had expired.
The State contends that the filing of the motion to withdraw by the Public Defender constituted a waiver of speedy trial. While we can conceive of situations in which such contention may have merit, such is not the case here. There is no contention that the motion was frivolous, filed for delay, or that it was without merit: Certainly there was no showing of waiver.
Next, the State tells us in its brief (though the record does not so reflect) that the trial judge for the first three months of 1973 was assigned to perform additional duties by sitting in another county two days each week, and that as a result it was impractical to hold arraignments in juvenile court and further that
"The alternative that was substituted involved the child's attorney filing a written answer either admitting guilt or pleading not guilty. Upon the receipt of a not guilty plea, the Intake Section *700 of the Division of Youth Services, which is not composed of legally trained personnel, would docket the case for trial. In the present case, docketing the case was greatly delayed due to lack of a written answer and the inability of the Division of Youth Services to cope with the problem."
Assuming the correctness of the unsupported allegations in the brief, the allegations are simply another way of saying that the trial judge was overworked and suffering a congested calendar.
Rule 3.191(f) specifically provides that "exceptional circumstances shall not include general congestion of the Court's docket."
Considering all of the circumstances reflected by the record and the briefs we find that they do not constitute "exceptional circumstances" within the contemplation of Rule 3.191(f) nor do they constitute a basis for extension within the provisions of Rule 3.191(d) (2).
Finally, we feel constrained to comment on the contention of the Appellant that although no motion was made for an extension of time nevertheless upon the existence of exceptional circumstances the trial judge should have considered that the motion had been made. Such contention is totally without merit. As above recited, we have found the State's contention that exceptional circumstances existed to be without factual basis. However, assuming that exceptional circumstances had existed, it was incumbent upon the State to move for an extension under the rule in order to complain on appeal of the failure to so extend the time for trial. This is not to say that it would be error, in a proper factual situation, for the trial court to extend the time in absence of a formal motion; but only that he may not be held in error for failing so to do.
Affirmed.
RAWLS, C.J., and McCORD, J., concur.